**Flournoy L. LARGENT, Jr., Trustee for Ansel B. Solenberger, Bankrupt, Appellant,**

v.

**Eldridge M. LEMLEY, Appellee.**

No. 7647.

United States Court of Appeals Fourth Circuit.

Argued June 10, 1958.

Decided June 13, 1958.

Flournoy L. Largent, Jr., Winchester, Va., for appellant.

George G. Snarr, Jr., and Joseph A. Massie, Jr., Winchester, Va., for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and BARKSDALE, District Judge.

PER CURIAM.

A trustee in bankruptcy sought to set aside as a voidable preference a transfer of stock by the bankrupt made within four months before the filing of his petition in bankruptcy.

Ansel B. Solenberger, the bankrupt, sold forged bonds in the amount of $3,000 to Eldridge M. Lemley. He sold other forged bonds to Mrs. Mary K. Aulick, and was otherwise indebted to her, his total obligation to her being $10,700. When Mrs. Aulick and Lemley severally discovered the frauds committed against them, they demanded restitution. Solenberger obtained Lemley's endorsement on his (Solenberger's) own note to Lemley in the amount of $10,700. This note the bankrupt delivered to Mrs. Aulick. At the same time, Solenberger executed his note to Lemley for $13,700, secured by the pledge to Lemley of 158 shares of stock in the Frederick County

Improvement Corporation as collateral, which collateral is said to be worth approximately $40,000. Later, Mrs. Aulick sued Lemley and recovered the amount of the endorsed note.

The case was tried before the referee, who held that the transfer of the pledged stock constituted a voidable preference. On review, the District Judge held that the transfer of the stock was voidable, insofar as it undertook to secure the payment in full of the $3,000 due by the bankrupt to Lemley. As to the $10,700, the transfer was held by the District Judge to be for a valuable present consideration and beyond attack. The trustee appealed to this court. The case is here upon a stipulation of facts entered into by counsel in substitution for a record of the testimony which had been mechanically recorded, but could not be transcribed because of some mechanical failure.

In the argument before this court, various contentions were advanced which could make the case turn one way or another, depending on a more complete disclosure of the facts. Conflicting inferences are urged by the respective litigants which, in justice to them, ought to be resolved by detailed and recorded testimony. One of the hypotheses suggested, which is founded upon inferences permissible from the brief stipulation of primary facts, is that the bankrupt came into unconditional possession of his own note after it had been endorsed by Lemley, and that he used this note, independently of Lemley, to pay and discharge the claim of Mrs. Aulick. Under this hypothesis, it may well be concluded, if Mrs. Aulick were made a party to the proceeding, that the preferential transfer was to her rather than to Lemley, and that she is obligated to make restitution to the trustee. Other conclusions are not precluded by the sketchy stipulation in this record. Precisely what occurred between the bankrupt, Lemley, and Mrs. Aulick in connection with these transactions should be fully developed so that the relative rights and obligations of the parties may be correctly determined.

Under these circumstances, we think that, in the interest of justice, the action of the District Court should neither be affirmed nor reversed at this time, but that the order should be vacated and the case remanded to the District Court with leave to join such additional parties as may appear appropriate, to take testimony, either before the referee or in open court as the district judge may in his discretion determine, and for such further proceedings as may be deemed necessary.

Remanded for further proceedings.