Flournoy L. LARGENT, Jr., Trustee for Ansel B. Solenberger, Bankrupt, Appellant,

v.

Eldridge M. LEMLEY, Appellee.

No. 7911.

United States Court of Appeals Fourth Circuit.

Argued Oct. 20, 1959.

Decided Nov. 4, 1959.

Flournoy L. Largent, Jr., Winchester, Va., for appellant.

George G. Snarr, Jr., and Joseph A. Massie, Jr., Winchester, Va., for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

## PER CURIAM.

When this case first came before us,[1] we remanded the case so that a more complete record might be made and so that another creditor, whose claim was paid in full as a result of the transaction between the bankrupt and Lemley, might be brought in and the rights of all parties considered at the same time.

Upon remand, the Trustee brought in the other creditor, Mrs. Aulick. Testimony was taken before the Referee, who filed a report in which he concluded that the bankrupt's transfer of stock to secure his note to Lemley was preferential and voidable. Lemley attacked this conclusion in the District Court, but the Trustee did not bring up for consideration the question of whether or not Mrs. Aulick had received a voidable and preferential transfer. The District Judge, considering the transaction with Lemley without regard for the legal consequence of the transaction with Aulick, concluded that the transfer of collateral to Lemley had not depleted the estate, was supported by a fresh consideration and was not a voidable preference. The appeal presents for review that question, which we think should not be considered when the entire transaction is not before us, for Mrs. Aulick is not represented and the Trustee has not contended in his brief that she received a voidable preference.

The bankrupt was indebted to Mrs. Aulick for $10,700 and to Lemley for $3,000. There is evidence from which the Court could find that each of them had reason to believe the bankrupt insolvent. Mrs. Aulick had employed an attorney, who was pressing the bankrupt for the collection of her claim, while Lemley, who had reason to believe that the bankrupt's bond he held was a forgery, was pressing for a settlement of his claim. The debtor told Lemley that Mrs. Aulick's attorney was pressing him and offered to pledge with Lemley certain stock owned by the debtor in Frederick County Improvement Corporation to secure Lemley's present and contingent claims, provided Lemley would endorse the bankrupt's note to Mrs. Aulick. Lemley wanted to acquire the stock of the Improvement Corporation and offered to buy it. The bankrupt refused to sell it. Lemley, after checking with others and confirming the fact that the certificates of stock registered in the bankrupt's name and in his hands were genuine, accepted the bankrupt's proposal.

The debtor, Lemley and Mrs. Aulick's attorney then met, and it was proposed that the bankrupt execute a new note payable to Mrs. Aulick and endorsed by Lemley. Mrs. Aulick's attorney objected, stating his preference that the bank-

rupt's note be made payable to Lemley and then endorsed by him for delivery to Mrs. Aulick. The testimony indicates the bankrupt then prepared a note for $10,700 payable to Lemley, signed it as maker and handed it to Lemley, who endorsed it and returned it to the bankrupt. The bankrupt then delivered the note to Mrs. Aulick's attorney.

On the same day, the bankrupt executed another note payable to Lemley for $13,700, being the total of the Aulick-Lemley claims, which he secured by a pledge of the Improvement Corporation stock.

A few weeks later the petition in bankruptcy was filed and, thereafter, Lemley was required, by reason of his endorsement, to pay Mrs. Aulick $10,700.

Lemley concedes that the transfer of the stock, to the extent that it secured his claim for $3,000, was for an antecedent debt, was supported by no new consideration and was a voidable preference. He contends, however, and the District Court found, that insofar as the stock secures his claim of $10,700, the pledge of the stock was not for an antecedent debt and was supported by a fresh consideration. Whether Mrs. Aulick received a voidable preference was not considered by the District Judge.

It was suggested below that this transaction did not result in any depletion of the estate. Apparently, it was assumed that Lemley's payment to Mrs. Aulick discharged the bankrupt estate. There is no basis for such an assumption. The endorser's payment of the note does not discharge the obligation of the maker. The total of these claims was never more nor less than $13,700, for the note for $13,700 to Lemley was merely security for his endorsement upon the $10,700 note transferred to Mrs. Aulick and for Lemley's antecedent claim of $3,000. When Lemley paid Mrs. Aulick the $10,-700, the bankrupt estate still owed $13,-700, though the entire amount was then owed to Lemley. Clearly, the transfer of the security and Lemley's subsequent payment to Mrs. Aulick, which is the basis of Lemley's claim to the security,

relieved the bankrupt estate of no obligation and did deplete the estate.

It seems to us apparent, however, that a strong argument can be made in support of Lemley's claim that his endorsement of the $10,700 note was a fresh consideration, and the pledge of the stock was not, as to him, for an antecedent debt. If he had loaned the bankrupt $10,700, securing the debt with a pledge of the stock, and the bankrupt had paid over $10,700 to Mrs. Aulick, all agree that a transfer of the stock as collateral would not be a voidable preference to Lemley. But the payment of the money to Mrs. Aulick upon her antecedent debt would be a voidable preference, provided she had reason to believe the bankrupt insolvent. Instead of casting the transaction in that form, Lemley reasons that the bankrupt purchased his credit by a pledge of the collateral and it is perfectly clear that Mrs. Aulick, through her attorney, accepted the bankrupt's note with Lemley's endorsement, solely on the faith of the endorsement. Mrs. Aulick was relying on Lemley's credit, not the bankrupt's, and she desisted from her efforts to collect her claim only because it had been secured with Lemley's obligation supported by his credit. Under these circumstances, if Lemley is correct in his position that he transferred his credit to the bankrupt for the purpose of securing Mrs. Aulick's debt and, therefore, gave a fresh consideration for the collateral he obtained, then the bankrupt's transfer of Lemley's credit to Mrs. Aulick was a transfer of property of value of the bankrupt which might be held to have been a voidable preference. Thus viewed, Lemley's credit to the extent of $10,700 was a thing which the bankrupt had acquired for the purpose of securing Mrs. Aulick's debt at a cost to the bankrupt of the pledge of the stock.

There is no suggestion that there was any collusion between Lemley and Mrs. Aulick. The bankrupt's transactions with the two are so interrelated, however, that we think the one should not be considered without reference to the other. For this purpose, we think it was the

duty of the trustee not only to make Mrs. Aulick a technical party to the proceeding before the Referee, but to assert in the alternative that she, rather than Lemley, had been the recipient of a voidable preference. Since the Trustee has made no such claim against Mrs. Aulick and the District Court has not considered it, we think this cause should be remanded again in order that the District Court can consider the entire transaction. On the face of it, it seems that the transfer either to Lemley or to Mrs. Aulick created a voidable preference. Whether the voidable transfer was to the one or to the other can be much better determined with all parties before the Court and the rights of both creditors at issue.

Under these circumstances, we think the order of the District Court should neither be affirmed nor reversed, but that the order should be vacated and the case again remanded for further proceedings in conformity with this opinion.

Remanded for further proceedings.