**In the Matter of Ansel B. SOLEN-BERGER, Bankrupt.**

**No. 1997.**

United States District Court
W. D. Virginia.

Aug. 8, 1960.

Harrison, Benham & Thoma, Law Firm, by J. F. Larrick, Winchester, Va., for petitioning creditors.

Flournoy L. Largent, Jr., Winchester, Va., trustee for bankrupt.

Joseph A. Massie, Jr., Winchester, Va., for Eldridge M. Lemley.

Thomas G. Scully, Winchester, Va., for Mary K. Aulick.

DALTON, Chief Judge.

The matter involved here is a petition for review of an order of the Referee, entered March 29, 1960, holding that the transfer of certain stock by Ansel B. Solenberger to Eldridge M. Lemley within four months prior to Solenberger's adjudication in bankruptcy constituted a voidable preference. This question first came before The Honorable John Paul of this Court on appeal from an order of the Referee dated November 22, 1957, holding the transfer to be a preference. Judge Paul, at that time, held the transfer of the stock was a preference only as to the $3,000 debt owed Lemley. See opinion and order of January 17, 1958. On appeal from this action the Court of Appeals remanded the case for joining additional parties and the taking of further evidence (see Largent v. Lemley, 4 Cir., 256 F.2d 446), and the case was returned to the Referee to carry out the directions of the Court of Appeals.

The Referee again found that the stock transfer was a preference, and Judge Paul, again, on review reversed the Referee's findings and held the transfer was a preference only in part. See opinion and order of April 10, 1959. On the second appeal the Court of Appeals again remanded the case back to this Court for further proceedings, with directions that Mrs. Aulick, a creditor whose claim was paid in full as a result of the endorse-

ment of Lemley, should be brought in. See Largent v. Lemley, 4 Cir., 272 F.2d 66. The case was sent back to the Referee to carry out the direction of the appellate court. The Referee has now entered an order holding the entire transaction between Solenberger, the bankrupt, and the two creditors, Lemley and Mrs. Aulick, to have been a preferential transfer and void, and both creditors now seek review of that order.

The evidence shows that the bankrupt was indebted to Mrs. Aulick for $10,700 and to Lemley for $3,000. Both were pressing the bankrupt for settlement of their claims. The bankrupt and Lemley entered into an agreement whereby Lemley would endorse the bankrupt's note to Mrs. Aulick and the bankrupt would pledge certain stock in Frederick County Improvement Corporation to Lemley to secure the total Aulick and Lemley claims. The testimony shows that the bankrupt executed, in the presence of Mrs. Aulick's attorney, a note for $10,700 payable to Lemley, which Lemley endorsed and returned to the bankrupt. The bankrupt then delivered the note to Mrs. Aulick's attorney.

On the same day the bankrupt executed another note payable to Lemley for $13,700, being the total of the two claims, which he secured by a pledge of the Improvement Corporation stock.

The petition in bankruptcy was filed against the bankrupt about a month later and thereafter Lemley was required, by reason of his endorsement, to pay Mrs. Aulick $10,700.

Although the Court of Appeals' opinion states there is no suggestion that there was any collusion between Lemley and Mrs. Aulick, the Referee concluded that the transfer of stock was security for both antecedent debts, and because of the knowledge of surrounding circumstances had by both creditors, that the parties should be put back in status quo as of the time immediately preceding the transfer of the stock to Lemley and his endorsement of the note to Mrs. Aulick, and ordered the return of the money received by Mrs. Aulick to the trustee and then to Lemley and for Lemley to return the stock to the trustee.

These were the same facts before this Court for consideration on the last appeal of this cause; no new evidence has been presented by the record subsequent to the decision of the Court of Appeals, dated November 4, 1959 (the taking of additional evidence being waived by consent of all parties—see order of Referee dated March 29, 1960).

Judge Paul decided on these facts that no voidable preference existed as to Mr. Lemley. The Court of Appeals in its second opinion, 272 F.2d 66, stated at page 69:

"On the face of it, it seems that the transfer either to Lemley or to Mrs. Aulick created a voidable preference. Whether the voidable transfer was to the one or to the other can be much better determined with all parties before the Court and the rights of both creditors at issue."

Upon remand, and after Mrs. Aulick was before the Bankruptcy Court, the Referee directed Lemley to surrender the Frederick County Improvement Corporation stock to the trustee, and for Mrs. Aulick to return the $10,700 which she had received from Lemley. The effect of this order of the Referee is to make Lemley a general creditor as to his $3,000 antecedent debt, and to make Mrs. Aulick a general creditor as to her $10,700 antecedent debt.

Under the Bankruptcy Act, Section 60, sub. a, as amended, 11 U.S.C.A. § 96, sub. a, there are certain statutory elements which must exist in order to have a voidable preference: (1) Transfer by debtor of his property; (2) Creditor only may be preferred; (3) Antecedent debt, diminution of estate necessary; (4) Insolvency of debtor; (5) Within four months of filing of petition; and (6) Transfer must enable creditor to obtain an advantage over other creditors of the same class.

One additional element has been added in subsection b of Section 60 (11 U.S.

C.A. § 96, sub. b). The creditor receiving or to be benefited by the preference must have reasonable cause to believe that the debtor was insolvent.

If Solenberger had given Lemley $10,700 to pay Mrs. Aulick in discharge of the bankrupt's debt to her, then would not this have been in violation of the foregoing statutory elements defining a voidable preference? If it be true as to a money transfer, would not it be also true of a stock or credit transfer?

Under the circumstances and facts of this case where the Referee has found as a fact that Mrs. Aulick and her attorney had reasonable cause to believe that the debtor was insolvent, if Solenberger had delivered the stock directly to Mrs. Aulick would it not be fairly considered a preference? One cannot do by indirection what is not permitted to be done directly. The pledge of the stock to Lemley who in turn pledged his credit is merely an attempt to circumvent the law and should not stand. This Court holds that Mrs. Aulick received a preference which must be returned.

From the language of the second opinion of the Court of Appeals we are led to the conclusion that the Appeals Court thought that a voidable preference existed either as to Lemley or Mrs. Aulick:

"Under these circumstances, if Lemley is correct in his position that he transferred his credit to the bankrupt for the purpose of securing Mrs. Aulick's debt and, therefore, gave a fresh consideration for the collateral he obtained, then the bankrupt's transfer of Lemley's credit to Mrs. Aulick was a transfer of property of value of the bankrupt which might be held to have been a voidable preference. Thus viewed, Lemley's credit to the extent of $10,700 was a thing which the bankrupt had acquired for the purpose of securing Mrs. Aulick's debt at a cost to the bankrupt of the pledge of the stock."

In thus resolving this case this Court points out that the decisions of The Honorable Judge Paul (as we construe them) only decided that there was no voidable preference as to Lemley—he did not so hold as to Mrs. Aulick. Now that she is brought in under the suggestions of the Court of Appeals, we are confronted by the opinion of the Court of Appeals saying on the record as then presented (which remains unchanged):

"On the face of it, it seems that the transfer either to Lemley or to Mrs. Aulick created a voidable preference. Whether the voidable transfer was to the one or to the other can be much better determined with all parties before the Court and the rights of both creditors at issue."

It would seem, therefore, that this opinion is not inconsistent with the decisions of the Court of Appeals, Judge Paul, or the Referee in Bankruptcy.

This case is remanded to the Referee for further proceedings in line with this opinion.